FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARTIN ONASSIS GOODSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:25-cv-816-K (BT) |
| § | |
| CITY OF DALLAS, et al. § | |
| § | |
| Defendants. § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

On May 5, 2025, the United States Magistrate Judge issued findings, conclusions, and a recommendation that the Court should dismiss the plaintiff's federal claims that imply the invalidity of his state criminal conviction with prejudice to their being asserted again until the conditions in *Heck v. Humphrey*, 512 U.S. 477 (1994) are met; dismiss his remaining federal claims with prejudice under 28 U.S.C. § 1915(e)(2)(B); dismiss his state-law claims without prejudice to his ability to assert them in state court; and deny his pending motions (ECF Nos. 6, 7, 8, 14, 25, 29, 30, 31, 32, 33, 34, 36-45, 49, 60, 61, 62, 69).

The plaintiff filed objections to the FCR (ECF No. 56). The Court has reviewed the FCR *de novo* in light of the objections and is of the opinion that the FCR is correct and is **ACCEPTED** as the findings and conclusions of the Court. The Court **OVERRULES** the plaintiff's objections.

The plaintiff argues that the Magistrate Judge did not screen his operative complaint, as he filed a motion for leave to file a proposed third amended complaint (ECF Nos. 51-54) around the same time the Magistrate Judge issued her FCR. But that is incorrect. Under Federal Rule of Civil Procedure 15, the plaintiff was only entitled to amend his complaint once without leave of Court, which he did on April 8, 2025 (ECF No. 16). That amended complaint, as well as the original, which it supplemented (ECF No. 3), were the operative pleadings absent further leave to amend, which the Court has not granted. The Magistrate Judge found that the plaintiff's motion for leave to file a second amended complaint (ECF Nos. 49, 50), should be denied as futile, and the Court agrees with that conclusion for the reasons set out in the recommendation. Thus, the Magistrate Judge screened the operative pleadings.

As for the plaintiff's motion for leave to file a third amended complaint (ECF Nos. 51-54) the Court **DENIES** this motion because the proposed amendment would be futile.

In the proposed third amended complaint, the plaintiff seeks to add three new defendants based on allegations of "coordinated media defamation and constitutional violations" regarding the media coverage of his collision with a Dallas Fire Department vehicle in 2018. ECF No. 52. The gist of the new allegations is that private media companies conspired with state actors to defame the plaintiff and to retaliate against him by "create[ing] a hostile, defamatory public image of Plaintiff that interfered with his right to speak, protest, and pursue lawful claims without intimidation." ECF No.

53 at 14. The plaintiff alleges that the media companies falsely reported that he was intoxicated at the time of the collision.

These proposed claims would be futile for several reasons. First, there is no claim under § 1983 for defamation. *See, e.g.*, *Davis v. City of Aransas Pass*, 2014 WL 2112701, at *5-6 (S.D. Tex. May 20, 2014), *aff'd* 605 F. App'x 429 (5th Cir. 2015). Second, even if there was a cognizable defamation claim under § 1983, success on such a claim would require the plaintiff to prove the falsity of the allegedly defamatory statement. And were the plaintiff to do that here by showing he was not intoxicated at the time of the collision, it would undermine his intoxication assault conviction, which he has not alleged has been overturned or invalidated. So *Heck* bars this claim. Third, the plaintiff's allegations are too conclusory to establish a conspiracy involving media outlets and state actors. He does not plausibly allege an agreement among the media outlets and state actors to violate his rights. On the contrary, he alleges that "the media—knowingly or not—became part of a state-facilitated defamation campaign." ECF No. 53 at 32. And fourth, these claims are time-barred. The plaintiff is complaining about events from 2018, which is when the alleged injury would have occurred, yet he did not bring the claims related to a media conspiracy until April 2025.

The plaintiff—now having filed a complaint, amended complaint, two proposed amended complaints, and objections to the Magistrate Judge's FCR after being advised of the deficiencies in his pleadings—has pleaded his best case and is not entitled to further leave to amend before the Court dismisses this action.

Finally, the plaintiff's motion for reconsideration (ECF No. 59)—which is premised upon the plaintiff's mistaken assumption that the Court had already accepted the Magistrate Judge's dispositive FCR before receiving his objections—is **DENIED** as moot.

The plaintiff's claims will be dismissed by separate judgment. All the plaintiff's pending motions are **DENIED** for the reasons in the Magistrate Judge's FCR and this order.

**SO ORDERED.**

**Signed May 14th, 2025.**

_____
**ED KINKEADE**
**UNITED STATES DISTRICT JUDGE**